IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETER DAVID WINEGARNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-1157-L |
| | § | |
| CITY OF COPPELL, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by Plaintiff Peter David Winegarner ("Plaintiff") pursuant to 42 U.S.C. § 1983. Plaintiff's complaint stems from criminal proceedings initiated against him by the Dallas County District Attorney's Office in or around June 2004 related to a domestic violence dispute involving his wife, Pamela Winegarner, and culminating in his conviction in Dallas County Criminal Court No. 11 in Dallas County, Texas, Trial Court Cause No. MA-03-19135-N. In a nutshell, he complains that his constitutionally protected rights were violated when Defendants subjected him to unlawful seizure, malicious abuse of process, malicious prosecution, harassment and intimidation, denial of his right of access to the courts, and denial of due process. He alleges that, among other things, the District Attorney's Office brought criminal charges against him even though he notified them that he objected to the charges, that City of Coppell Police Chief Roy Osborn failed to notify the District Attorney's Office of Plaintiff's objections to the criminal charges, that numerous witnesses lied about several events and circumstances concerning Plaintiff's alleged assault on his wife, that prosecutors Kendall Castello ("Castello") and Kimberly Miller ("Miller") helped the District Attorney's Office pursue criminal charges against him even though

they knew he was innocent, and that while typing the trial transcript, the court reporter during his criminal trial, Vielica Dobbins ("Dobbins"), inserted words into Plaintiff's testimony. In addition to his § 1983 claims, Plaintiff also alleges state law claims for defamation.

**I.      Plaintiff's § 1983 Claims Against the Dallas County Defendants**

Pursuant to a Standing Order of Reference, issued September 8, 2005, this case was referred to United States Magistrate Judge Paul D. Stickney for pretrial management. On January 4, 2006, Defendants Castello, Miller, Dobbins, the Dallas County District Attorney's Office and Dallas County Criminal Court No. 11 (collectively referred to as the "Dallas County Defendants") filed a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) (the "Dallas County Defendants' Motion to Dismiss"). On March 9, 2006, United States Magistrate Judge Paul D. Stickney issued the Conclusions and Recommendation of the United States Magistrate Judge (hereinafter, the "First Report"), recommending that the Dallas County Defendants' Motion to Dismiss, filed January 4, 2006, be granted. Specifically, the magistrate judge recommended that Plaintiff's claims against Defendant District Attorney's Office and Defendant Criminal Court No. 11 be dismissed since these Defendants were not separate jural entities, and thus not subject to suit. *See* First Report at 4-5 (and cases cited therein). As to the remaining Dallas County Defendants, namely Castello, Miller and Dobbins (sued in both their individual and official capacities), the magistrate judge found that Plaintiff's claims were barred by the doctrine enunciated in *Heck v. Humphrey*, 512 U.S. 777 (1994), since the "alleged facts underlying Plaintiff's claims all involve the criminal trial that ultimately led to Plaintiff's conviction" and that conviction has not been reversed on direct appeal or expunged or declared invalid. *See* First Report at 6. Accordingly, pursuant to *Heck*, the magistrate judge recommended that the claims against Castello, Miller and Dobbins be dismissed.

**Memorandum Opinion and Order – Page 2**

In his objections to the First Report, Plaintiff attached a March 22, 2006 Judgment of the Court of Appeals for the Fifth District of Dallas, reversing his criminal conviction in Tr. Ct. No. MA-03-19135-N and remanding the cause for a new trial.  Plaintiff contended that in light of this Judgment, dismissal under *Heck* as to Castello, Miller and Dobbins was no longer appropriate.  After considering the magistrate judge's First Report and the objections, in its Memorandum Opinion and Order, issued on April 28, 2006, the court determined that, in light of the intervening reversal of Plaintiff's criminal conviction, the magistrate judge's findings were correct *except* insofar as he recommended that Plaintiff's claims against Castello, Miller and Dobbins were barred by *Heck*.  The court recommitted this matter to the magistrate judge for further consideration in light of the intervening Judgment of the Court of Appeals for the Fifth District of Dallas reversing Plaintiff's criminal conviction.

Thereafter, Castello, Miller and Dobbins filed a brief on May 8, 2006, reasserting the arguments presented in their original motion to dismiss, namely, that Plaintiff's § 1983 claims against them should be dismissed since: Castello and Miller were entitled to absolute prosecutorial immunity; Dobbins was entitled to qualified immunity; Castello, Miller and Dobbins were not government policymakers and could therefore not be sued in their official capacities; and insufficiency of process and service of process.  Castello, Miller and Dobbins also argued that Plaintiff's pendent state law claims against them should be dismissed for lack of an independent jurisdictional basis to support Plaintiff's federal claims against them.

On June 2, 2006, the magistrate judge issued his Conclusions and Recommendation of the United States Magistrate Judge (hereinafter, the "Second Report"), recommending that the court grant in part and deny in part the motion to dismiss.  Specifically, the magistrate judge

**Memorandum Opinion and Order – Page 3**

recommended that the court grant the motion to dismiss insofar as Plaintiff's claims against Castello, Miller and Dobbins. With regard to Castello and Miller, the magistrate judge found that prosecutorial immunity barred Plaintiff's § 1983 claims. *See* Second Report at 5-7. With regard to Dobbins, the magistrate judge found that she was entitled to qualified immunity, as Plaintiff failed to establish that he was deprived of a constitutional right. *See id.* at 7-9. The magistrate judge also concluded that Plaintiff could not sue Castello, Miller or Dobbins in their respective official capacities, as they were not governmental policymakers. *See id.* at 7, 9. With regard to Plaintiff's state law defamation claims, however, the magistrate judge recommended that the court deny the motion to dismiss reasoning that, "[a]t this preliminary stage of this lawsuit, the Court finds that since Plaintiff has remaining federal claims, the District Court should deny the Dallas County Defendant's motion to dismiss Plaintiff's state law claims." *See* Second Report at 11 (and cases cited therein).

On June 20, 2006, Plaintiff filed objections to the Second Report, disagreeing with the magistrate judge's findings that Castello and Miller are entitled to prosecutorial immunity and that Dobbins is entitled to qualified immunity. Plaintiff's objections fail to address well-established law pertaining to prosecutorial immunity and qualified immunity, set forth by the magistrate judge. *See* Second Report at 5-9 (and cases cited therein). Specifically, with regard to prosecutorial immunity, Plaintiff's objections ignore that a prosecutor is entitled to prosecutorial immunity from claims arising from conduct that occurred when the prosecutor was "serving as an advocate in judicial proceedings." *Kalina v. Fletcher*, 522 U.S. 118, 125 (1997); *see also Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). Plaintiff's objections also fail to address that the United States Court of Appeals for the Fifth Circuit has bestowed prosecutorial immunity on prosecutors even when they are

**Memorandum Opinion and Order – Page 4**

accused of intentional misconduct, or where it is alleged that they knowingly used perjured testimony. *See* Second Report at 6 (and cases cited therein). Thus, even assuming Plaintiff's allegations were true, Castello and Miller would still be entitled to prosecutorial immunity. Moreover, Plaintiff's objections fail to dispute the magistrate judge's finding that he failed to allege facts that, if taken as true, would demonstrate that Castello and Miller were policymakers, and thus subject to suit in their official capacities. *See* Second Report at 6 (and cases cited therein). Further, with regard to the magistrate judge's finding that Plaintiff had failed to establish that he was deprived of a constitutional right by court reporter Dobbins, Plaintiff's objections do not address how Defendant Dobbins's alleged insertion of words into the trial transcript rises to the level of a violation of a clearly established constitutional right. In short, his objections fail in any way to call into question the magistrate judge's conclusion that Plaintiff had not demonstrated that Dobbins "denied him a meaningful opportunity to be heard because he has not illustrated how her alleged insertion of the words into the trial transcript impugned the fairness of his trial." *See* Second Report at 9. Finally, Plaintiff's objections fail to dispute that Dobbins cannot be sued in her official capacity, as she is not a governmental policymaker. *See* Second Report at 9. For these reasons , the court **overrules** Plaintiff's objections to the magistrate judge's findings and conclusions that Plaintiff's § 1983 claims against Castello, Miller and Dobbins should be dismissed.

## II.     Plaintiff's Pendent State Law Claims

With regard to Plaintiff's state law claims, the magistrate judge recommended that the court deny the motion to dismiss reasoning, "[a]t this preliminary stage of this lawsuit, the Court finds that since Plaintiff has remaining federal claims, the District Court should deny the Dallas County Defendant's motion to dismiss Plaintiff's state law claims." *See* Second Report at 11 (and cases

cited therein). Defendants did not file any objections to the Second Report. Having reviewed the pleadings, file and record in this case, and the findings and conclusions of the magistrate judge in his Second Report, the court determines that the magistrate judge's finding and conclusion regarding the state law claims is correct, and it is hereby accepted as that of the court.

### III.  Conclusion

Having reviewed the pleadings, file and record in this case, the findings and conclusions of the magistrate judge in his Second Report, and Plaintiff's objections, the court **overrules** Plaintiff's objections and determines that the findings and conclusions are correct in recommending dismissal of Plaintiff's § 1983 claims against the remaining Dallas County Defendants in this case, namely Castello, Miller and Dobbins, and further in recommending that Defendants' motion to dismiss Plaintiff's pendent state law claims be denied at this time. Accordingly, the magistrate judge's findings and conclusions are **accepted** as those of the court. The court **grants in part and denies in part** Defendants' Motion to Dismiss. The court **grants** Dallas County Defendants' Motion to Dismiss Plaintiff's § 1983 claims against Defendants Kendall Castello, Kimberly Miller and Vielica Dobbins, and hereby **dismisses with prejudice** Plaintiff's § 1983 claim against these Defendants. The court **denies without prejudice** the Dallas County Defendants' Motion to Dismiss as it pertains to Plaintiff's state law claims against Defendants Kendall Castello, Kimberly Miller and Vielica Dobbins. In the event all federal claims are dismissed in this lawsuit, Castello, Miller and Dobbins will be permitted to once again seek dismissal of Plaintiff's pendent state law claims.

**It is so ordered** this 28th day of August, 2006.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge