IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETER DAVID WINEGARNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-1157-L |
| | § | |
| CITY OF COPPELL, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by Plaintiff Peter David Winegarner ("Plaintiff") pursuant to 42 U.S.C. § 1983. Plaintiff's complaint stems from criminal proceedings initiated against him by the Dallas County District Attorney's Office in or around June 2004 related to a domestic violence dispute involving his wife, Pamela Winegarner, and culminating in his conviction in Dallas County Criminal Court No. 11 in Dallas County, Texas, Trial Court Cause No. MA-03-19135-N. In a nutshell, he complains that his constitutionally protected rights were violated when Defendants subjected him to unlawful seizure, malicious abuse of process, malicious prosecution, harassment and intimidation, denial of his right of access to the courts, and denial of due process. He alleges that, among other things, the District Attorney's Office brought criminal charges against him even though he notified them that he objected to the charges; that City of Coppell Police Chief Roy Osborn, with the help of Officer Scott Peters, failed to notify the District Attorney's Office of Plaintiff's objections to the criminal charges; that numerous witnesses, including Misti Masters, Clint Goodman and Todd Bourland, lied about several events and circumstances concerning Plaintiff's alleged assault on his wife; that prosecutors Kendall Castello and Kimberly Miller helped

the District Attorney's Office pursue criminal charges against him even though they knew he was innocent; and that while typing the trial transcript, the court reporter during his criminal trial, Vielica Dobbins, inserted words into Plaintiff's testimony. In addition to his § 1983 claims, Plaintiff also alleges a state law claim for defamation.

## I.    Plaintiff's Claims Against the City Defendants[1]

Pursuant to a Standing Order of Reference, issued September 8, 2005, this case was referred to United States Magistrate Judge Paul D. Stickney for pretrial management. On September 13, 2006, the City of Coppell, Misti Masters, Clinton Goodman, Scott Peters, Chief Roy Osborn and Todd Bourland (collectively referred to as the "City Defendants") filed a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) (the "City Defendants' Motion to Dismiss"). On February 7, 2007, United States Magistrate Judge Paul D. Stickney issued the Findings, Conclusions and Recommendation of the United States Magistrate Judge (hereinafter, the "Report"), recommending that the City Defendants' Motion to Dismiss be granted to the extent it seeks dismissal of Plaintiff's § 1983 claims, and denied to the extent it asks for dismissal of this lawsuit in its entirety.

### A.    The § 1983 Claims

As to the City of Coppell, the magistrate judge recommended dismissal of Plaintiff's § 1983 claims because Plaintiff's complaint lacked allegations regarding the required elements necessary for relief against a municipality under § 1983. *See* Report at 5-9 (and cases cited therein). As to City Defendants Scott Peters and Roy Osborn, the magistrate judge recommended dismissal of Plaintiff's § 1983 claims, concluding that, even viewing Plaintiff's allegations as true, they were

---

[1]On August 28, 2006, the court issued a memorandum opinion and order, granting the Dallas County Defendants' motion to dismiss as to Plaintiff's § 1983 claims against them and denying without prejudice to refiling the Dallas County Defendants' motion to dismiss Plaintiff's pendent state law claim of defamation in the event all federal claims were dismissed.

**Memorandum Opinion and Order – Page 2**

entitled to qualified immunity since Plaintiff had failed to alleged a constitutional violation against them. *See id.* at 9-11 (and cases cited therein). As to City Defendants Misti Masters, Clinton Goodman and Todd Bourland, the magistrate judge recommended that Plaintiff's § 1983 claims be dismissed, as each was protected by the doctrine of absolute immunity afforded to witnesses who testify at trial.[2]

### B. The State Law Defamation Claim

With regard to Plaintiff's state law claim (which was not addressed in the City Defendants' Motion to Dismiss), the magistrate judge recommended that the court maintain jurisdiction over this lawsuit, stating that Defendants Casey Sessions (City of Coppell police officer) and Marisa Elmore (Assistant District Attorney of Dallas County) were "added to this suit" on May 1, 2006, and federal claims are still pending against them. In light of the existence of pending federal claims, the magistrate judge reasoned, the issue of whether the court should decline to exercise supplemental jurisdiction over the remaining state law claim was not ripe.

## II. Objections

On February 20, 2007, Plaintiff filed objections to the Report. The court has considered his objections and **overrules** them. The gist of the objections is Plaintiff's argument that his federal claims should not have been dismissed because his state law claim is still pending. The disposition of these claims is unrelated.

---

[2]The magistrate judge also considered whether Plaintiff should be given leave to amend, in light of the fact that he is proceeding *pro se.* The magistrate judge concluded that leave to amend should not be provided, given that Plaintiff was already permitted to, and did, amend his complaint multiple times, and was therefore given a "fair chance to plead his case." *See* Report at 14 (and cases cited therein).

**Memorandum Opinion and Order – Page 3**

**III.     Discussion**

Having reviewed the pleadings, file and record in this case, the findings and conclusions of the magistrate judge in his Report, and Plaintiff's objections, the court **accepts in part and rejects in part** the magistrate judge's recommendation.  The court **accepts** that portion of the Report recommending that the City Defendants' Motion to Dismiss be granted to the extent it asks for dismissal of Plaintiff's § 1983, and denied to the extent it asks for dismissal of this lawsuit in its entirety.  The court need not reiterate the magistrate judge's analysis of Plaintiff's § 1983 claim against the City Defendants, as it has already referenced the relevant portions of his Report above.  The court **rejects** that portion of the Report, however, where the magistrate judge states that Defendants Casey Sessions and Marisa Elmore were "added to this suit" on May 1, 2006.  Pending before the magistrate judge is Plaintiff's Motion for Leave to Amend to Add Parties.  *See* Order (May 31, 2006) (Stickney, M.J.) (construing Plaintiff's Third and Fourth Addendum Corrections as motions for leave to amend his petition and construing Plaintiff's Joinder of Parties as a motion for leave to add parties).  Also before the magistrate judge are objections filed by the Dallas County Defendants to the motions, filed June 9, 2006.

**IV.     Conclusion**

Having reviewed the pleadings, file and record in this case, the findings and conclusions of the magistrate judge in his Report, and Plaintiff's objections, the court **overrules** Plaintiff's objections and determines that the findings and conclusions are correct in recommending that the City Defendants' Motion to Dismiss be granted to the extent the motion seeks dismissal of Plaintiff's § 1983 claims, and denied to the extent the motion seeks dismissal of this lawsuit in its entirety. The findings and conclusions are incorrect, however, as to the magistrate judge's statement that

Defendants Casey Sessions and Marisa Elmore were "added to this suit" on May 1, 2006. Accordingly, the magistrate judge's findings and conclusions are **accepted in part**, as herein stated, as those of the court. The court **grants in part** and **denies in part** the City Defendants' Motion to Dismiss. The court **grants** the City Defendants' Motion to Dismiss Plaintiff's § 1983 claims against them, and hereby **dismisses with prejudice** Plaintiff's § 1983 claim against these Defendants. The court **denies without prejudice** the City Defendant's Motion to Dismiss as it pertains to the City Defendants' request to be dismissed entirely from this suit. In the event all federal claims are dismissed in this lawsuit, the City Defendants shall be permitted to once again seek dismissal of Plaintiff's pendent state law defamation claim. Further, in light of this memorandum opinion and order, the court **denies as moot** Defendants', City of Coppell, Clinton Goodman, Chief Roy Osborn, Scott Peters, Misti Masters, and Todd Bourland, Motion for Summary Judgment, filed October 30, 2006 (Docket No. 68). Finally, the court **directs** the Clerk of Court to remove the names of Casey Sessions and Marisa Elmore as Defendants in this suit at this time, as the magistrate judge has not yet ruled whether they should be added as Defendants.

    **It is so ordered** this 5th day of April, 2007.

                                                 Sam A. Lindsay
                                                 United States District Judge